## Case No. 7,361.

### The JOHN RICHARDS.

[1 Biss. 106.] [1]

Circuit Court, D. Michigan. June Term, 1856. [2]

Alfred Russell. for libellant.
Simon Towle, for respondent.

McLEAN, Circuit Justice. This is an appeal in admiralty. [Joseph] Riggs, a citizen of Michigan, filed his libel, June 25th, 1855, for supplies furnished the schooner, John Richards, in a home port. Among other intervening libellants, J. Brayman, a citizen of Ohio, a material-man, filed his libel in

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 11,827.]

the district court, September 8th, 1855. The marshal seized the vessel and made the usual return, "held in custody until the further order of the court." No person interposed a claim. Proclamation was made, order of reference, &c., and the vessel was condemned and sold the 24th of December, and the claimant became the purchaser. [See Case No. 11,827.]

The respondent's title is set up under a bill of sale from the sheriff of the county of Wayne. This sale was founded on a procedure of a circuit court commissioner under the 122d chapter of the Revised Statutes of Michigan, of 1846, for the enforcement of a lien on the vessel for repairs, &c., at the home port. The lien under which the libel was filed, was prior to that at the home port and was incurred at Toledo, in the state of Ohio, which was a foreign port, in a procedure of the admiralty.

The vessel was seized by the sheriff before it was taken into custody by the marshal, of which the marshal had no notice, and the sale of it by the sheriff was prior in time to the sale of the marshal, both being made on the 24th of December, 1855.

A question was made and argued at the hearing, as to the admissibility of certain papers, to show the procedure before the commissioner. If the proceeding of the commissioner was legally a matter of record, the proof would be defective, but from the view I take of the case it is unnecessary to decide this question.

The first section of the act gives a lien against all vessels which navigate the waters of the state, for supplies, repairs, &c. After the seizure of the vessel, twelve weeks notice is to be given, and all persons who have any demands against such vessel, under the provisions of this chapter are required to deliver an account of their respective claims, to the officer within three months from the publication of notice, and any lien, under the statute, if not presented within the time, ceases.

This proceeding is in the nature of an attachment, in which all the creditors under the act may come in and prove their debts; and if bond and security shall be given to pay the creditors, the vessel shall be released. The 7th section of the act declares that a second warrant shall not issue against the same vessel. The 36th section provides, that the procedure, shall not be instituted against any vessel which has been seized under process of the courts of the United States, nor against any vessel which has been sold by order of such courts, except claims which originated subsequent to such sale.

That there is under the maritime law, a lien on the ship for materials furnished or repairs, is too well established to be controverted. And that this lien does not depend upon the possession of the vessel as a common law lien, is also clear. In the case

of The General Smith, 4 Wheat. [17 U. S.] 443, the court held that this lien did not attach to the home port of the vessel. This was a distinction not found in the Maritime Code, and was no doubt adopted from deference to state regulations. Still a domestic lien at the home port of the vessel may be enforced under a maritime jurisdiction. It is conceded in the case that the lien of the libellant was prior to the lien of the respondent, under the Michigan statutes. But as the property was first seized under the statute, it is contended that the subsequent seizure by the marshal was illegal, and consequently that the district court had no jurisdiction of the case.

No procedure under the statute of seizure or sale, could affect the lien of the libellant. The claim of the respondents was distinct from that of the libellants. The sale of the sheriff was subject to the prior lien. In the hands of the purchaser under the sheriff, the vessel was liable to the claimant, and he could have enforced his lien.

The statute provides that all claimants may come in, as under an attachment and have their rights adjusted. But this is limited to claims under the statute, and did not embrace the claim of the libellant. All liens under the statute which are not presented, are barred expressly by it. No one, it is supposed, will contend that the statute embraces a maritime lien, or that the legislature had power to regulate such a lien. The rule is different in a court of admiralty. All who have an interest in the vessel may come in and be made parties and their rights will be protected. In the present case, the respondent could have exhibited his claim, and it would have been decreed subject to the satisfaction of the prior lien. But the respondent did not intervene, though he had actual notice of the admiralty procedure. He stands upon his purchase under the sheriff's sale, which did not displace the lien of the claimant. Such sale was no bar to the libel suit, and consequently the title of the respondent is unsustainable against that of the libellant.

The force of the respondent's right must rest on the alleged illegality of the procedure by the marshal. The principle is admitted, that where there is a concurrent jurisdiction the pendency of the suit may be pleaded in abatement in the suit subsequently commenced. But in these cases there is no conflict of jurisdiction. The suits are distinct, by different plaintiffs, and for distinct causes of action. The only thing common to both actions is a lien of each on the same vessel. But here there is no conflict, as all must admit that the prior lien, must be first satisfied, and that the claimant by the first lien is not disputed.

No impropriety is perceived in the arrangement between the marshal and the sheriff, to hold the property under the circumstances, subject to the right of the parties. Nei-ther party claimed the vessel, but an interest in it, which was a mere lien, and the only question is, whether the maritime court had jurisdiction. If it had, there is an end to the controversy, as it proceeded on the paramount lien. There is nothing on the face of the record to raise a doubt as to the jurisdiction. No plea was filed to the jurisdiction, and the facts stated on the record show affirmatively, that there was jurisdiction. In such a case, the truth of the record cannot be questioned, nor its irregularity.

The decree of the district court is affirmed, with costs.